Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

AGUSTIN DAVILA CRUZ, *individually and on*
*behalf of others similarly situated,*

                              *Plaintiff,*

                      -against-

JOS CONCEPT LLC(d/b/a B CAFE), BELGIAN
BRASSERIE LLC (d/b/a B CAFÉ) and SKEL
ISLAMAJ,

                              *Defendants.*

------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Agustin Davila Cruz ("Plaintiff Davila" or "Mr. Davila"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., and as against each of Defendants Jos Concept LLC (d/b/a B Cafe), Belgian Brasserie LLC

(d/b/a B Café) ("Defendant Corporations"), and Skel Islamaj (collectively, "Defendants"), upon

information and belief, alleges as follows:

<u>**NATURE OF ACTION**</u>

        1.      Plaintiff Davila was an employee of Defendants Jos Concept LLC (d/b/a B Cafe),

Belgian Brasserie LLC (d/b/a B Café) and Skel Islamaj.

        2.      B Cafe is a Restaurant owned by Skel Islamaj located at 240 E. 75th Street, New

York, New York 10021.

1

3.      Upon information and belief, Defendant Skel Islamaj serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Davila was an employee of Defendants.

5.      Plaintiff Davila worked long days as a dishwasher, and ostensibly as a delivery worker at the restaurant located at 240 E. 75th Street, New York, New York 10021.

6.      However, when ostensibly working as a delivery worker, Plaintiff Davila was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to dishwashing, bringing up items from the basement for the cook, taking out the garbage, twisting and tying up cardboard boxes, sweeping and mopping the entire place, cleaning bathrooms, kitchen walls, grill and the fryer, and sweeping the sidewalk (hereinafter, "non-delivery, non-tip duties").

7.      Plaintiff Davila regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked each week.

8.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Davila appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

9.      Further, Defendants failed to pay Plaintiff Davila the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Davila as a delivery worker in their payroll, but in actuality Plaintiff Davila's duties required a significant amount of time spent in non-tipped, non-delivery duties.

11.     Regardless, at all times Defendants failed to pay Plaintiff Davila at the required minimum wage rate.

12.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Davila's non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Davila's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Davila at the minimum wage rate.

14.     Defendants' conduct extended beyond Plaintiff Davila to all other similarly situated employees.

15.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Davila and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state laws and regulations.

16.     Plaintiff Davila now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.     Plaintiff Davila seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Davila's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Davila was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Agustin Davila Cruz ("Plaintiff Davila" or "Mr. Davila") is an adult individual residing in New York County, New York.

21.     Plaintiff Davila was employed by Defendants from approximately April 4, 2015 until on or about October 6, 2016.

22.     At all relevant times to this complaint, Plaintiff Davila was employed by Defendants as a dishwasher, and ostensibly as a delivery worker at B Cafe, located at 240 E. 75th Street, New York, New York 10021.

23.     Plaintiff Davila consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

4

*Defendants*

24.     Defendants own, operate and/or control a Belgian restaurant located at 240 E. 75th Street, New York, New York 10021 under the name of B Cafe, at all times relevant to this complaint.

25.     Upon information and belief, Defendant Jos Concept LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 240 E. 75th Street, New York, New York 10021.

26.     Upon information and belief, Defendant Belgian Brasserie LLC (d/b/a B Café) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 240 E. 75th Street, New York, New York 10021.

27.     Defendant Skel Islamaj is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant Skel Islamaj is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

29.     Defendant Skel Islamaj possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

30.     Defendant Skel Islamaj determined the wages and compensation of employees, including Plaintiff Davila, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

5

*Defendants Constitute Joint Employers*

31.     Defendants own, operate and/or control a Belgian restaurant located at 240 E. 75th Street, New York, New York 10021.

32.     Individual Defendant Skel Islamaj possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Davila's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Davila, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Davila, and all similarly situated individuals, and are Plaintiff Davila's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Davila and/or similarly situated individuals.

37.     Upon information and belief, Individual Defendant Skel Islamaj operates Defendant Corporations as either alter egos of himself, and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by, among other things:

        (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

6

(b)      defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporations for his own benefit as the sole or majority shareholder;

(e)      operating Defendant Corporations for his own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)      intermingling assets and debts of his own with Defendant Corporations;

(g)      diminishing and/or transferring assets of Defendant Corporations to protect his own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Davila's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff Davila, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Davila's services.

40.     In each year from 2015 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Davila is a former employee of Defendants, who was employed as a dishwasher and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

43.     Plaintiff Davila seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Agustin Davila Cruz*

44.     Plaintiff Davila was employed by Defendants from approximately April 4, 2015 until on or about October 6, 2016.

45.     At all relevant times, Plaintiff Davila was employed by Defendants to work as a dishwasher and ostensibly as a delivery worker.

46.     However, Plaintiff Davila was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.     Although Plaintiff Davila was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

48.     Plaintiff Davila regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a dishwasher and delivery worker.

49.     Plaintiff Davila's work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendants, Plaintiff Davila regularly worked in excess of 40 hours per week.

8

51.     From approximately April 4, 2015 until on or about October 6, 2016, Plaintiff Davila worked from approximately 2:00 p.m. until on or about 11:30 p.m. on Mondays, from approximately 2:00 p.m. until on or about 12:00 a.m. on Thursdays, from approximately 2:00 p.m. until on or about 11:00 p.m. on Fridays, from approximately 8:00 a.m. until on or about 11:00 p.m. on Saturdays and from approximately 8:00 a.m. until on or about 4:00 p.m. on Sundays (typically 51.5 hours per week).

52.     Throughout his employment with defendants, Plaintiff Davila was paid his wages in cash.

53.     From approximately April 4, 2015 until on or about October 2016, defendants paid Plaintiff Davila a fixed salary of $450 per week.

54.     Plaintiff Davila's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants required Plaintiff Davila to work 30 minutes past his scheduled departure time on Mondays and did not compensate him for the additional time he worked

56.     Defendants never granted Plaintiff Davila any breaks during his workday.

57.     Plaintiff Davila was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Davila's wages.

59.     Plaintiff Davila was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

60.     Defendants did not provide Plaintiff Davila with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

61.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Davila regarding wages as required under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Davila with each payment of wages a statement of wages, as required by NYLL 195(3).

63.     Defendants did not give any notice to Plaintiff Davila, in English and in Spanish (Plaintiff Davila's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     Defendants required Plaintiff Davila to purchase "tools of the trade" with his own funds—including one bicycle, a helmet, a vest, a set of lights  and chain and lock.

*Defendants' General Employment Practices*

65.     Defendants regularly required Plaintiff Davila to work in excess of forty (40) hours per week without paying him the minimum wage, overtime compensation and spread of hours pay.

66.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Davila and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

67.     Defendants habitually required their employees, including Plaintiff Davila, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

68.     Defendants required Plaintiff Davila to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

69.     Plaintiff Davila was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

70.     Plaintiff Davila was not paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday. 12 N.Y. C.R.R. § 146.

71.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

72.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     Plaintiff Davila's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

74.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Davila as a tipped employee and they did not pay him at the required minimum wage rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

75.     Defendants failed to inform Plaintiff Davila that his tips would be credited towards the payment of the minimum wage.

11

76.     At no time did Defendants inform Plaintiff Davila that they had reduced his hourly wage by a tip allowance.

77.     Defendants failed to maintain a record of tips earned by Plaintiff Davila for the deliveries he made to customers.

78.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

79.     Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Davila with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Davila's relative lack of sophistication in wage and hour laws.

80.     Defendants paid Plaintiff Davila all of his wages in cash.

81.     By employing these practices, Defendants avoided paying Plaintiff Davila the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Davila (and similarly situated individuals) worked, and to avoid paying Plaintiff Davila properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due and (4) his spread of hours pay.

83.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.     Defendants failed to provide Plaintiff Davila and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiff Davila and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiff Davila brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

13

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of B Cafe (the "FLSA Class").

87.     At all relevant times, Plaintiff Davila and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing

to keep records required by the FLSA.

88.     The claims of the Plaintiff stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

89.      Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set

forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Davila's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Davila

(and the FLSA class members), control the terms and conditions of employment, and determine

the rate and method of any compensation in exchange for employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.     Defendants failed to pay Plaintiff Davila (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiff Davila (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Davila (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

96.     Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of the FLSA, failed to pay Plaintiff Davila (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

98.     Defendants' failure to pay Plaintiff Davila (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Davila (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

100.     Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set forth herein.

101.    At all times relevant to this action, Defendants were Plaintiff Davila's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Davila (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

102.    Defendants, in violation of the NYLL, paid Plaintiff Davila (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

103.    Defendants' failure to pay Plaintiff Davila (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Davila (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

105.    Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Davila (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

107.    Defendants' failure to pay Plaintiff Davila (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Davila (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

109.    Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiff Davila (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Davila's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

111.    Defendants' failure to pay Plaintiff Davila (and the FLSA Class members) an additional hour's pay for each day Plaintiff Davila's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

112.    Plaintiff Davila (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE**
**NEW YORK LABOR LAW)**

113.     Plaintiff Davila repeats and re-alleges all paragraphs above as though fully set

forth herein.

114.     Defendants failed to provide Plaintiff Davila with a written notice, in English and

in Spanish (Plaintiff Davila's primary language), of their rate of pay, regular pay day, and such

other information as required by NYLL §195(1).

115.     Defendants are liable to Plaintiff Davila in the amount of $5,000, together with

costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

116.     Plaintiff Davila repeats and re-alleges all paragraphs above as though set forth

fully herein.

117.     Defendants did not provide Plaintiff Davila with wage statements upon each

payment of wages, as required by NYLL 195(3).

118.     Defendants are liable to Plaintiff Davila in the amount of $5,000, together with

costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

119.     Plaintiff Davila repeats and re-alleges all paragraphs above as though set forth

fully herein.

120.     Defendants required Plaintiff Davila to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

18

his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29

U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.    Plaintiff Davila was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Davila respectfully requests that this Court enter judgment

against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the

FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Davila and the FLSA class

members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Davila and the FLSA class

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Davila's and the FLSA

class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiff Davila and the FLSA class members;

(f)     Awarding Plaintiff Davila and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, and damages for any improper deductions or credits

taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Davila and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davila and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davila and the members of the FLSA Class;

(j)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Davila's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Davila and the FLSA Class members;

(l)     Awarding Plaintiff Davila and the FLSA class members damages for the amount of unpaid minimum and overtime wages, spread of hours pay and damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(m)     Awarding Plaintiff Davila and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff Davila and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Davila and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff Davila demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        October 27, 2016

                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        _____/s/ Michael Faillace_____
                        By:    Michael Faillace
                               60 East 42nd Street, Suite 2540
                               New York, New York 10165
                               (212) 317-1200
                               *Attorneys for Plaintiff*

21

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 20, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Agustin Davila Cruz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      20 de octubre de 2016