```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
AGUSTIN DAVILA CRUZ, et al.,                                :
                                                            :
                              Plaintiffs,                   :
                                                            :            16-CV-8377 (VSB)
              -v-                                           :
                                                            :                 ORDER
JOS CONCEPT LLC, et al.,                                    :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/26/2017__
```

VERNON S. BRODERICK, United States District Judge:

On October 27, 2016, Plaintiff Agustin Davila Cruz filed this action against Defendants Jos Concept LLC, Belgian Brasserie LLC, and Skel Islamaj (collectively "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and the New York Labor Law, Art. 19 § 650 *et seq*. ("NYLL").  (Compl. ¶ 16.)  Plaintiff alleges various violations of the FLSA and NYLL including that Defendants failed to pay him the minimum wage for all hours worked, failed to pay overtime compensation for all hours worked in excess of forty hours per week, and failed to pay spread-of-hours pay.  (*Id*. ¶ 8-15.)

On May 2, 2017, the parties advised the Court that they had reached a settlement, (*see* Doc. 27); however, parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-cv-7002, 2014

WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

Accordingly, I directed the parties to submit a joint letter attaching the settlement agreement and explaining how the terms of their proposed settlement are fair and reasonable. (*See* Doc. 28.)  In addition, I directed the parties to address the bases supporting any request for attorney's fees and supply contemporaneous billing records for each attorney on the case.  (*Id*.)

The parties filed the requested documents.  (Doc. 34.)  I have independently reviewed the settlement agreement and supporting submissions, and believe the terms of the settlement are fair, reasonable, and adequate.  Therefore, the parties' settlement agreement is approved.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following five factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

Where, as here, a settlement agreement includes a provision for attorney's fees, I must

2

"separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2.

### II. Discussion

#### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for a gross settlement amount of $20,000. (Doc. 34 at 1-2.) The settlement amount contemplates $6,600 in attorney's fees and costs. (*Id.* at 2.) After deducting that amount, the settlement will allocate $13,400 to Plaintiff. (*Id.*) This amount represents approximately 30% of the total amount Plaintiff claims that he could have recovered had he prevailed on his claims at trial. (*Id*. 1-2, Ex. B.)

The parties contend that the settlement is fair in light of the anticipated costs and risks associated with trial. (*Id*. at 2.) In particular, there are disputes concerning whether Plaintiff worked the hours he alleges. (*See id*.) Given the uncertainty of recovery, as well as inherent risks and costs associated with trial, settlement appears to be an efficient resolution of the matter. The proposed settlement also appears to be the product of adversarial, arms'-length bargaining between counsel, and there is no basis for me to believe that there was any fraud or collusion involved in the settlement. (*Id*.) Nor are there any factors present that typically weigh against approving a settlement. *See Wolinsky*, 900 F. Supp. 2d at 336. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of Plaintiff's claims.

#### B. *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. The

3

attorney's fees sought are $6,600, which represents one third of the total settlement amount.  (*See* Doc. 34 at 2.)

It is within my discretion whether to award attorney's fees based on either the lodestar method or the percentage of the fund.  *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016).  "[T]he trend in this Circuit is toward the percentage method, although it is for district court to determine the appropriate method in a particular case."  *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (internal quotation marks omitted).  District courts are also encouraged to "cross-check" the percentage fee requested against counsel's "lodestar."  *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)).

Courts regularly approve attorney's fees of up to one-third of the settlement amount in FLSA cases.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District."); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

In support of the attorney's fee award, Plaintiff's counsel submitted contemporaneous billing records for the three attorneys who worked on Plaintiff's case.  (Doc. 34 at Ex. B.)  Attorney Michael Faillace, a senior partner, purports to bill his time at the rate of $450 per hour, and worked approximately 4 hours on Plaintiff's case; Attorney Jesse Barton, an associate, purports to bill his time at the rate of $375 per hour, and worked approximately 4 hours on Plaintiff's case.  (*Id.*)  Based on these figures, the lodestar amount is $3,300.  These hourly rates

4

are higher than the average hourly rates approved in this district.  *See, e.g.*, *Aguilera v. Cookie Panache ex rel. Beneath the Bread, Ltd.*, No. 13 Civ. 6071(KBF), 2014 WL 2115143, at *3 (S.D.N.Y. May 20, 2014) (reducing rates for class settlement of FLSA and NYLL claims "[b]ased on the prevailing rates in this district for employment law cases," from $550/hour to $300/hour for partners, $350/hour to $200/hour for counsel, $175-200/hour to $125 for associates, and $125/hour to $75/hour for paralegals).  Nevertheless, an award of $6,600 does not constitute a windfall for Plaintiff's counsel, and appears to be reasonable compensation for the work put into this case.  In addition, the requested attorney's fees represent a 2.0 multiplier of the lodestar amount, which is a relatively low multiplier as "lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."  *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *17 n.7 (S.D.N.Y. July 27, 2017) (collecting cases).  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### III.  Conclusion

For the reasons stated above, I find the settlement, including the contemplated attorney's fees, fair and reasonable.  Accordingly, the settlement agreement of the parties, (Doc. 34-1), is hereby APPROVED.  The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated: August 26, 2017
 New York, New York

*Vernon S. Broderick*
United States District Judge